JOSEPH D. EAGAN, Respondent, *v.* GARFIELD NATIONAL BANK, Appellant.

Supreme Court, Appellate Term, First Department, December, 1921, Term — Filed February, 1922.

Negotiable Instruments Law, § 42 — certified check — fictitious payee — when transferee under forged indorsement not holder in " due course " — proof that check was procured by fraud — reversal of judgment in favor of plaintiff — dismissal of complaint on merits.

Where the maker of a check did not know that the payee was fictitious, the transferee under a forged indorsement of the name of the payee made by the one who procured the check to be made is not a holder in due course under section 42 of the Negotiable Instruments Law, and cannot enforce payment.

Where in an action against a bank to recover the amount of a check, payment of which was stopped after certification, the defendant conceded that plaintiff is a *bona fide* holder, but the evidence convincingly establishes that the check was procured by fraud and that the name of the payee and indorser was fictitious as pleaded in the answer, a judgment in favor of plaintiff will be reversed and the complaint dismissed on the merits, with costs.

APPEAL by defendant from a judgment of the Municipal Court, borough of Manhattan, ninth district, in favor of plaintiff.

*Alexander Appel,* for appellant.

*Charles H. Studin,* for respondent.

GUY, J. The action is brought to recover the amount of a certified check drawn by one Frye, a depositor of the defendant, who stopped payment after certification by the defendant. The complaint alleges that said check was duly indorsed by the payee and delivered for value to one Runkle, by whom it was duly indorsed and delivered for value to plaintiff. The answer sets up that the check was obtained by fraud, the person to whom the check was delivered having represented to the maker that it would be used for the purchase of certain stock and credited to the maker's account with the firm of J. C. Rabiner & Co., by whom the person to whom the check was delivered falsely represented that he was employed. Defendant conceded that plaintiff was a *bona fide* holder from a fictitious payee and indorser. Defendant's evidence convincingly establishes the alleged fraud and that the name of the payee and indorser was fictitious.

A check made to a fictitious payee not known to the maker to be such is not a check to bearer passing upon delivery, and the transferee thereof under a forged indorsement of the name of the fictitious payee made by the impostor who procured the execution of the check is not a holder in due course and hence cannot enforce payment. Neg. Inst. Law, § 42; *United Cigar Stores Co.* v. *American*

Misc. 77]     Supreme Court, Appellate Term, February, 1922.

*Raw Silk Co., Inc.,* 184 App. Div. 217, 218–222; affd., 229 N. Y. 532, 533; *Mercantile National Bank* v. *Silverman,* 148 App. Div. 1, 5–7; affd., 210 N. Y. 567; *Shipman* v. *Bank of State of New York,* 126 id. 318, 330, 331; *National Surety Co.* v. *National City Bank,* 184 App. Div. 771, 774–776.

A certified check the indorsement of which is forged may not be enforced. *Donahue* v. *Bank of America,* 161 N. Y. Supp. 232, 233; *Graves* v. *American Exchange Bank,* 17 id. 205, 208, 209.

The cases holding that checks paid to fictitious payees who were known to the makers to be fictitious payees or else paid to those to whom the maker intended the payment to be made (*Hartford* v. *Greenwich Bank,* 157 App. Div. 448, 451; affd., 215 N. Y. 726, 727; *P. & G. Card & Paper Co.* v. *Fifth Nat. Bank,* 172 N. Y. Supp. 688, 689) may be enforced are not in point.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

GAVEGAN and MULLAN, JJ., concur.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.